IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY PATRICK EMMETT, II, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3611 |
| | § | |
| J. EBNER, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF DISMISSAL**

State inmate Barry Patrick Emmett, II, #1383329, proceeding *pro se* and impliedly requesting leave to proceed *in forma pauperis*, files this section 1983 complaint seeking $6.2 million in damages and other relief for the ninety-day loss of telephone privileges he incurred as punishment under an allegedly false and retaliatory prison disciplinary conviction.

After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this lawsuit for the reasons that follow.

*Habeas Claims*

Plaintiff's due process challenges to the disciplinary conviction and punishment must be brought in a federal habeas petition, and cannot be considered at this juncture. Plaintiff acknowledges this and reports that he intends to file a section 2241 challenge to the conviction. (Docket Entry No. 1, p. 4.)

Although a district court may liberally construe a complaint as a habeas petition in the interest of justice, this Court cannot liberally construe the instant complaint as a habeas

petition because plaintiff's habeas claims are unexhausted. An inmate challenging a prison disciplinary conviction is required to exhaust his administrative remedies before filing a petition for writ of habeas corpus in federal court. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The step two grievance plaintiff attached to his complaint in the instant case shows that the grievance was returned unprocessed as untimely. (Docket Entry No. 1, p. 13.) Because plaintiff failed to exhaust his challenges to the disciplinary conviction through the prison's two step administrative grievance process, his habeas claims cannot here be considered.

*Failure to Exhaust*

For like reason, also unexhausted are plaintiff's section 1983 claims regarding retaliation, cruel and unusual punishment, and access to courts. Under 42 U.S.C. § 1997e, inmates must exhaust administrative remedies for all civil actions brought with respect to prison conditions before filing a section 1983 suit in federal court. The Supreme Court has held repeatedly that section 1997e requires a proper and complete exhaustion of all administrative procedures before an inmate can sue in federal court. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff's untimely step two grievance attached to his complaint shows that he did not claim that the disciplinary charge was filed in retaliation, or that his substantiative rights were violated. This grievance exhibit is sufficient to allow the Court to dismiss without prejudice plaintiff's civil rights claims for failure to state a claim, predicated on

failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

*Bar by Heck v. Humphrey*

The United States Supreme Court held that, in order to recover damages or be granted injunctive relief or a declaratory judgment for an allegedly unconstitutional disciplinary conviction, a prisoner must show that the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Because plaintiff acknowledges in his complaint that the disciplinary conviction has not been reversed or otherwise set aside (Docket Entry No. 1, p. 4), his claims for monetary compensation and other relief arising from the disciplinary conviction and punishment are barred at this time by *Heck* and must be dismissed.

*Retaliation*

Even assuming plaintiff properly exhausted an independent retaliation claim, no viable retaliation claim is asserted. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident – such as the filing of a disciplinary charge

3

as in the instant case – would not have occurred. This places a significant burden on the inmate, and mere conclusory allegations of retaliation will not suffice. The inmate must produce direct evidence of motivation or, the more probable scenario, set forth a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff asserts neither the violation of a specific constitutional right nor shows that, but for a retaliatory motive, the disciplinary charges would not have been filed. Plaintiff fails to assert a claim for retaliation.

*Cruel and Unusual Punishment*

Plaintiff alleges that the imposition of a ninety-day loss of telephone privileges as a punishment under the disciplinary conviction constitutes cruel and unusual punishment, a denial of due process, and a violation of his right to free speech. Even assuming these allegations constituted independent civil rights claims and were exhausted, they are without merit. To recover under section 1983, an inmate must prove that he was deprived of a federally protected right, and that the deprivation occurred under color of state law. Neither the Supreme Court nor the Fifth Circuit Court of Appeals has afforded state inmates a free-standing constitutionally-protected right to routine use of a telephone while imprisoned. Plaintiff's access to a telephone at his prison unit is a privilege, and privileges have no constitutional protection. *See Overton v. Bazzetta,* 539 U.S. 126 (2003).

Extreme deprivations are required to make out a conditions of confinement claim, because routine discomfort is "part of the penalty that criminal offenders pay for their

offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eight Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotations omitted). Plaintiff's ninety-day lack of routine access to a telephone does not rise to the level of cruel and unusual punishment for purposes of section 1983.

*Denial of Access to Court*

Plaintiff further asserts that his ninety-day loss of telephone privileges constitutes an unconstitutional denial of access to court because he communicated with his lawyer by telephone. Even assuming this allegation constituted an independent civil rights claim and were exhausted, it is without merit. No denial of access claim is stated because plaintiff fails to allege an actual injury caused by the ninety-day telephone loss of telephone privileges. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

*Conclusion*

Plaintiff's complaint fails to state a claim, predicated on his failure to exhaust prison administrative remedies and on the factual and legal basis of his allegations. Accordingly, this lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" under section 1915(g).

The Clerk will provide a copy of this Order to the parties, to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk

of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on October 7, 2010.

_____
Gray H. Miller
United States District Judge